**STATE of Maine**

v.

**Kathy McLAUGHLIN.**

Supreme Judicial Court of Maine.

Argued Nov. 15, 1989.
Decided Dec. 8, 1989.

David W. Crook, Dist. Atty., Pamela J. Ames (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Kristen A. Gustafson (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

GLASSMAN, Justice.

Kathy McLaughlin appeals the judgment of the Superior Court (Kennebec County,

*Alexander, J.*) entered on a jury verdict finding her guilty of theft by unauthorized taking (17–A M.R.S.A. § 353 (1983)). We find no error in the record and affirm the judgment.

■■■ McLaughlin first contends that the lapse of time between the date of the indictment and the date of the trial deprived her of her right to a speedy trial guaranteed by article I, section 6 of the Maine Constitution and by the sixth amendment to the United States Constitution. The mere lapse of time does not establish a per se violation of the right to a speedy trial. *See State v. Beauchene,* 541 A.2d 914, 918 (Me.1988). Here, the record reflects an approximate seventeen-and-one-half month delay between the date of the indictment and the date of the trial. This period of time is sufficient to trigger a plenary analysis to determine if McLaughlin was denied a speedy trial. *See State v. Willoughby,* 507 A.2d 1060, 1065 (Me.1986), *cert. denied,* 479 U.S. 857, 107 S.Ct. 199, 93 L.Ed.2d 130 (1986). Accordingly, we also must determine from the record if the defendant asserted her right, the reasons for the delay, and the prejudice, if any, to the defendant by reason of the delay. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972); *State v. Beauchene,* 541 A.2d at 918.

The record reflects the following: McLaughlin asserted her right to a speedy trial seven months prior to the trial of the case. The delay in proceeding to trial was occasioned in considerable part by reason of each of her two previous court-appointed attorneys having filed a motion for leave to withdraw from the representation of McLaughlin on the ground that she refused to communicate with her counsel. The trial court, after a hearing, granted each motion. The motion to withdraw filed by McLaughlin's third court-appointed counsel was denied by the trial court after a hearing. Within seventeen days thereafter the case was tried. The State sought no continuances of the trial of this case. McLaughlin does not claim, nor does the record reflect, any evidence of bad faith on the part of the State or prejudice suffered by McLaughlin in the presentation of her defense by reason of the delay. Balancing these factors, as required by *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191, we hold that McLaughlin was not denied her constitutional right to a speedy trial.

■■■ McLaughlin next contends that the court erroneously admitted evidence that she had contacted the victim prior to trial. Because McLaughlin at the time of the trial failed to object to the admission of the evidence, we review the record to determine if the admission of the evidence was an obvious error that deprived her of a fair trial. *State v. Hinds,* 485 A.2d 231, 235 (Me.1984); M.R.Crim.P. 52(b); M.R.Evid. 103(d). The alleged victim testified that McLaughlin had contacted her several times prior to trial to ask that she change her story or "go easy on [McLaughlin]." Intent and identity were both at issue in this case. McLaughlin's primary defense was that she had taken the alleged victim's pocketbook by mistake and that the alleged victim could not identify McLaughlin. In these circumstances, the evidence was admissible under the exceptions to M.R.Evid. 404(b). *State v. DeLong,* 505 A.2d 803, 806 (Me.1986) (evidence of other crimes or wrongs relevant and admissible to show relationship of the parties, intent, absence of mistake, opportunity, or identity); Field & Murray, *Maine Evidence* §§ 404–404.3, at 103–114 (2d ed. 1987). Accordingly, there was no error in the admission of this evidence.

■■■ McLaughlin further contends that the court erroneously admitted evidence concerning her contact with the alleged victim during the course of the trial in violation of a court order. At the request of the State after the jury had been selected, but prior to any evidence being offered at the trial, the trial court instructed defense counsel to advise McLaughlin that she was not to have any contact with the alleged victim. In response to an inquiry by the State in its cross-examination of her, McLaughlin denied that she had contacted the alleged victim during the course of the trial, that the trial court had instructed her to have no contact with the alleged victim,

or that the court's instruction had been communicated to her. McLaughlin made no objection to the State's inquiry and did not request that a curative instruction be given by the trial court to the jury. *See* Field & Murray, *Maine Evidence* § 103.2, at 9. She makes no claim of bad faith on the part of the State relative to this issue. Viewing the record in its entirety, we cannot say that the claimed error was so highly prejudicial and so tainted the proceedings as virtually to deprive McLaughlin of a fair trial. *State v. True*, 438 A.2d 460, 468–69 (Me.1981); M.R.Crim.P. 52(b); Field & Murray, *Maine Evidence* § 103.6, at 18.

Contrary to McLaughlin's contention, it is clear from the record that the verdict finding McLaughlin guilty of theft was unanimous, she was not deprived of her right to act as her own counsel, and there was no error in the comments made by the State in its opening statement or final argument to the jury. The supplemental brief filed by McLaughlin raises no cognizable issue; therefore, we do not address the arguments set forth in that brief.

The entry is:

Judgment affirmed.

All concurring.