**STATE of Maine**

v.

**Dale HUNNEWELL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1990.

Decided June 17, 1991.

William R. Anderson, Dist. Atty., Rockland, for the State.

Frederick Newcomb, Rockland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Dale S. Hunnewell appeals his conviction entered on a jury verdict in the Superior Court (Knox County, *Silsby, J.*) of conspiring to traffick in prison contraband, 17-A M.R.S.A. §§ 151 & 757 (1983). Hunnewell

contends that both his constitutional right to a speedy trial and the Interstate Compact on Detainers were violated by the delay in bringing his case to trial. We affirm the conviction.

## I.

■ Hunnewell was indicted on March 9, 1988 and his trial commenced on February 14, 1990. He cites this twenty-three month delay as violative of his speedy trial right under both the state and federal constitutions. *See* Me. Const. art. I, § 6, cl. 5 and U.S. const. amends. VI, XIV, § 1. Hunnewell argues that such a lengthy delay creates a presumption of prejudice thus triggering the four-element analysis of *Barker v. Wingo*, 407 U.S. 514, 531–32, 92 S.Ct. 2182, 2192–93, 33 L.Ed.2d 101 (1972) and *State v. McLaughlin*, 567 A.2d 82, 83 (Me. 1989). Because the delay is, on its face, lengthy for a crime of this nature, we examine (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's timely assertion of his right to speedy trial, and (4) the prejudice, if any, to the defendant. *State v. Willoughby*, 507 A.2d 1060, 1064–65 (Me.1986).

At the time of his indictment on this charge, Hunnewell was imprisoned for another conviction in Maine but was in the temporary custody of the United States pursuant to the Interstate Compact on Detainers, 34–A M.R.S.A. §§ 9601–9636 (1988) (Compact) and Interstate Agreement on Detainers, § 2, arts. I–IX, 18 U.S.C.A.app. (1985 & Supp.1990) (IAD). In accordance with the Compact and IAD, Hunnewell had to be brought to trial on the federal charges *without return to Maine custody* within 120 days to prevent dismissal of those charges. He had, in fact, sought dismissal of the federal charges on the basis of his preliminary appearance in the Superior Court on March 18, 1988 at which time his arraignment on the prison contraband charge was continued to permit his attorney to be present.[1]

■ Later, at the request of the U.S. Attorney acting on instructions from the U.S. District Court, Hunnewell's arraignment on the State charge was postponed until final disposition of the federal charges despite his demand for speedy arraignment. We conclude that the uncertainty over Hunnewell's status vis-a-vis the federal charges amply justified the Superior Court's decision to defer arraignment. Because Hunnewell has not demonstrated that the delay in arraignment was unjustified, he cannot complain of the twelve months that elapsed between the return of the indictment and his arraignment on March 16, 1989. A delay justified by a valid reason does not weigh against the State. *Barker v. Wingo*, 407 U.S. at 531, 92 S.Ct. at 2192; *see State v. Smith*, 400 A.2d 749, 753 (Me.1979).

■ The remaining delay of eleven months between arraignment and trial resulted from several factors, some attributable to Hunnewell's own conduct. The court permitted the withdrawal of defense counsel, accepted a waiver of counsel, and appointed so-called standby counsel, who later withdrew without objection. On the first trial calendar in July 1989, the case was not reached. In September Hunnewell moved for a continuance and in October the assigned justice recused himself. Thereafter, the court heard and denied motions for change of venue and to dismiss on December 27, 1989. Throughout, Hunnewell made multiple demands upon the clerk of courts, including numerous requests for subpoenas. Subpoenas served on the Governor, the Speaker of the House of Representatives and others were quashed. A second motion to dismiss was withdrawn by Hunnewell on February 12 and trial commenced on February 14, 1990. In sum, the reasons for the eleven month delay are either neutral or weigh against Hunnewell.

Hunnewell aggressively asserted his right to speedy trial and this factor weighs in his favor in the *Barker v. Wingo* analy-

---

1. Federal charges must be dismissed with prejudice if U.S.-initiated temporary custody is interrupted by shuttling a state prisoner back into state custody prior to trial. *See* IAD § 2, art. IV(e), 18 U.S.C.A.app. (1985); 34–A M.R.S.A. § 9604(5) (1988). *But cf.* IAD § 9(2), 18 U.S.C.A.app. (Supp.1990) (enacted after Hunnewell's indictment).

sis. We find, however, Hunnewell's argument concerning prejudice to his defense unconvincing. He elected to proceed pro se with only standby counsel and he offered no objection when that attorney asked to withdraw. Moreover, Hunnewell's claim to have lost defense witnesses through lapse of time is without support in the record. Weighing all of these factors, we conclude Hunnewell's constitutional rights were not violated.

## II.

 Hunnewell's separate challenge to the post-arraignment delay is based on a claimed violation of the time limits contained in the Compact, 34–A M.R.S.A. §§ 9604 & 9605. Hunnewell's argument misconstrues the nature of his custody by the State of Maine. Hunnewell was in permanent custody of Maine, the *sending* state, and was detained in temporary custody of the United States, the *receiving* state. Neither the Compact nor the IAD prescribes any time limit for the trial of a prisoner after return to the custody of the sending state. Section 9604(5) (anti-shuttling provision) and section 9605(3) (failure to prosecute a detainer) of the Compact simply are not applicable following Hunnewell's temporary custody by the United States.

The entry is:

Judgment affirmed.

All concurring.